FILED
FEB 2 8 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE CLEVELAND, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-0294 (UNA) |
| | ) | |
| ROBERT BRYAN HARWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff brought this civil rights action against the district judge who ordered the dismissal of a civil action he filed in the United States District Court for the District of South Carolina.[1] He demands injunctive relief and compensatory and punitive damages.

Judges, such as the defendant in this action, enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Without question, dismissal of a civil action is an action taken in the judge's judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam) (affirming dismissal on judicial immunity grounds claim against United States Tax Court Judge where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge's judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd*, No. 14-5197, 2015 WL

---

[1] *See Cleveland v. Adger*, No. 4:17-cv-2112 (D.S.C. Nov. 1, 2017).

1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that the judge's "actions are taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), this defendant is "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted). Furthermore, this federal district court has no authority to review the decisions of another district court. *See, e.g., Fisch v. U.S. Gov't*, No. 13-2038, 2013 WL 7095043, at *1 (D.D.C. Dec. 20, 2013) (dismissing complaint which "takes issue with court rulings and proceedings held in the federal courts in New York" for lack of jurisdiction), *appeal dismissed*, No. 14-5027 (D.C. Cir. Aug. 4, 2014).

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss this action with prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 2/28/18

/s/ [signature]
United States District Judge